


1 Ronald M. Horwitz, Esq., #005655
Janessa E. Koenig, Esq., #018618
2 **JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
3 Phoenix, Arizona 85012
(602) 248-1000
4 rmh@jaburgwilk.com
jek@jaburgwilk.com
5
Attorneys for Wells Fargo Bank, N.A.
6

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>KENNETH LUTHER NESMITH and LINDA ANN NESMITH,<br><br>      Debtors.<br>_____<br>WELLS FARGO BANK, N.A.,<br><br>      Movant,<br>vs.<br><br>KENNETH LUTHER NESMITH and LINDA ANN NESMITH and S. WILLIAM MANERA, Trustee,<br><br>      Respondents. | Chapter 7<br><br>No: **2-10-bk-10640-CGC**<br><br><br><br>**ORDER REGARDING PAYMENT OF INDEBTEDNESS AND MODIFICATION OF STAY** |

Pursuant to the foregoing Stipulation of the parties, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That the Debtors are presently indebted to Wells Fargo as a result of their execution of a SmartFit Home Equity Account Agreement ("the Note") and Deed of Trust in the principal amount of $184,999.98, plus accrued and accruing interest, and that said Note is secured by a perfected lien on the Debtors' real property legally described as follows:

>LOT 76, SAGUARO WEST IV A, ACCORDING TO BOOK 205 OF MPAS, PAGE 33, RECORDS OF MARICOPA COUNTY, ARIZONA.

13016-90826/JEK/JEK/816953_v1

2. That the Debtors are currently in default under the Note and Deed of Trust, and are past due for the payments due and owing for the period of January 24, 2010 through July 24, 2010, in the total amount of $5,584.91;

3. That to cure the existing delinquency, and to reimburse Wells Fargo for the attorneys' fees and costs incurred in connection with the stay lift motion, the Debtors shall do the following:

    A. Tender a payment to Wells Fargo in the amount of $2,000.00 on or before July 30, 2010; and

    B. Tender monthly catch-up payments to Wells Fargo in the amount of $2,167.46 each, on or before August 15, 2010 and September 15, 2010, respectively.

4. That the Debtors shall resume making their regular monthly payments to Wells Fargo commencing on August 24, 2010, as provided for under the terms of the Note and Deed of Trust, and they shall remain current in their regular monthly payments thereafter;

5. That in the event the Debtors fail to make any payment described in Paragraphs 3 or 4 above, Wells Fargo may send a ten (10) calendar day written notice to the Debtors and to their attorney relative to any delinquent payment, and accordingly, for the purposes of this Order, a payment will be deemed untimely if it is not made by 5:00 o'clock p.m. on the tenth calendar day following the date of mailing of written notice of default by Wells Fargo to the Debtors and their counsel. The Debtors' right to Notice of a Default is expressly limited to two (2) events of default. Upon the third event of default, Wells Fargo may exercise its rights under the Note and Deed of Trust without further notice to the Debtors;

6. That in the event notice of default is required to be sent, the Debtors agree to pay Wells Fargo an additional sum of $150.00 for each Notice;

2

7. That in the event a payment is not timely made and not timely cured as previously set forth herein, this Order shall be self-executing, and therefore, upon the failure of the Debtors to make a timely payment the automatic stay shall be deemed lifted without further order of the Court or further application by Wells Fargo; and

8. That the provisions of this Order relative to the stay lift shall be effective in the event of conversion to any other chapter of the Bankruptcy Code, and/or any subsequent bankruptcy proceedings filed by or against the Debtors.

DATED this _____ day of _____, 2010.

_____
UNITED STATES BANKRUPTCY JUDGE

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

13016-90826/JEK/JEK/816953_v1